(No. 86-CV-1228—)

*In re* APPLICATION OF DIANA CLIFFORD

*Order filed October 30, 1990.*
*Order filed November 6, 1992.*

DIANA CLIFFORD, *pro se*, and EDMUND F. LANDBERG, for Claimant.

NEIL F. HARTIGAN and ROLAND W. BURRIS, Attorneys General (JAMES MAHER III, and CHARLES DAVIS, JR., Assistant Attorneys General, of counsel), for Respondent.

## ORDER

MONTANA, C.J.

This claim arises out of an incident that occurred on October 17, 1985. Diana Clifford, mother of the deceased victim, Robert Thomas Clifford, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1983, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on May 13, 1986, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on October 17, 1985, the victim was shot during the course of a drug transaction with an unknown offender. The incident occurred in a parking lot at the intersection of Fifth Street and Chicago Street, Joliet, Illinois. Police investigation revealed that the victim went to this location to purchase heroin. During this transaction, the victim was shot in the back. The victim was found to have a small quantity of marijuana in his possession at the time of the incident. The alleged offender was apprehended and charged with two counts of murder. He was later found to be not guilty of these charges.

2. That section 80.1 of the Act indicates factors used to determine entitlement to compensation. Specifically, section 80.1(d) of the Act states that an award shall be reduced or denied according to the extent to which the victim's acts or conduct provoked or contributed to his injury or death, or to the extent to which any prior crimi-

nal conviction or conduct of the victim may have directly or indirectly contributed to the injury or death of the victim.

3. That it appears from the investigatory report and the police report that the victim was attempting to purchase heroin and was in the possession of marijuana at the time he was shot. Thus, the conduct of the victim directly contributed to his death.

4. That the victim's conduct contributed to his death to such an extent as to warrant that the Claimant be denied entitlement to compensation.

5. That this claim does not meet a required condition precedent for compensation under the Act.

It is hereby ordered that this claim be, and is hereby denied.

## ORDER

MONTANA, C.J.

On October 17, 1985, Robert Thomas Clifford, the son of the applicant, was shot at the intersection of Fifth Street and Chicago Street, Joliet, Illinois.

On May 13, 1986, the applicant filed a claim seeking funeral and burial expenses and loss of support for the victim's children pursuant to the provisions of the Crime Victims Compensation Act, hereinafter referred to as the Act. Ill. Rev. Stat. 1983, ch. 70, par. 71 *et seq*.

On October 30, 1990, the Court of Claims issued an order denying the claim, finding that the victim was shot during the course of a drug transaction with an unknown offender. The Court relied on the police report which revealed that the victim went to the location to purchase

heroin and was subsequently killed. The victim was found to have a small quantity of marijuana in his possession at the time of the incident.

Section 80.1(d) of the Act states that an award shall be reduced or denied according to the extent to which the victim's acts or conduct provoked or contributed to his injury or death, or to the extent to which any prior criminal conviction or conduct of the victim may have directly or indirectly contributed to the injury or death of the victim. The Court found that the victim's death was substantially due to his attempting to purchase heroin at the time of the incident and such conduct warrants that any compensation for his death be denied.

On November 29, 1990, the applicant requested a hearing and on November 7, 1991, a hearing was held before Commissioner Michael E. Fryzel. Testifying at the hearing was the applicant, Diana Clifford, the mother of the victim.

The applicant recounted the night the incident occurred and repeated conversations she had with various individuals. Each of the individuals spoke to her about the alleged purchase of drugs.

Under cross-examination, the applicant admitted to having discussions with police who told her that the incident was drug related. In addition, a female companion of the victim also told the applicant about an alleged attempt to purchase drugs.

The police report, marked as Respondent's exhibit No. 1, states that the victim went to the location of the crime to purchase drugs. During the transaction he was shot in the back. A small quantity of marijuana was also found on the victim at the time of the incident. The

alleged offender was apprehended and charged with two counts of murder. However, he was later found not guilty of those charges.

The police report and the testimony of the applicant indicate that the victim was attempting to purchase drugs and was in possession of marijuana at the time he was shot. Therefore, the conduct of the victim clearly contributed to his death.

It is the finding of this Court that the victim's conduct contributed to his death to such an extent as to warrant the claim be, and hereby is, denied.